UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LEONA PRICE,<br><br>　　　　Plaintiff,<br>v.<br>ALLIED UNIVERSAL PROTECTION,<br><br>　　　　Defendant. | Case No. 2:19-cv-00895-GMN-GWF<br><br>**ORDER** |

This matter is before the Court on the Plaintiff's Application to Proceed *in Forma Pauperis* (ECF No. 2), filed May 28, 2019.

**BACKGROUND**

Plaintiff's complaint alleges that she has suffered from discrimination and was terminated on the basis of her race, age and gender by Allied Universal Protection—her former employer. Plaintiff now seeks relief in this Court.

**DISCUSSION**

**I.    Application to Proceed *in Forma Pauperis***

Plaintiff filed this instant action and attached a financial affidavit to her application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed *in forma pauperis* in federal court is granted.

**II.    Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to

dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant/third party plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

The Court shall liberally construe a complaint by a pro se litigant. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 2007). This is especially important for civil rights complaints. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). However, a liberal construction may not be used to supply an essential element of the claim absent from the complaint. *Bruns v. Nat'l Credit Union Admin.*, 12 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. See *Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937,

1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id*. at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly*, 550 U.S. at 570.

### III.  Instant Complaint

Plaintiff's Complaint is six pages long and references an additional 102 pages filed with the Complaint. As a preliminary matter, the Court notes that Plaintiff's Complaint was filed in no particular order, making it difficult to follow. The Court will therefore summarize Plaintiff's Complaint to the best of its ability. Plaintiff brings the instant action and alleges that she was discriminated against by her former employer in violation of Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII") and Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634 ("ADEA"). She alleges that the Defendant failed to promote her, retaliated against her and terminated her based on her race, gender and age. Plaintiff asserts that she filed a charge against Defendant with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff further alleges that the EEOC issued its Notice of Right to Sue letter on March 6, 2019.

#### A.  Retaliation

As to Plaintiff's claims of retaliation under Title VII, Plaintiff asserts that she was unlawfully terminated out of retaliation. Title VII prohibits employers from discriminating against an employee because that employee has opposed any practice made unlawful under Title VII or because he has made a charge or participated in an investigation or proceeding alleging discrimination. *See* 42 U.S.C. § 2000e-3(a). To state a claim of retaliation under Title VII, a plaintiff must allege that (1) she engaged in a protected activity, (2) her employer subjected her to an adverse employment action, and (3) a causal link exists between the protected activity and the adverse action. *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000); *Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 849 (9th Cir. 2004); *see also Poland v. Chertoff*, 494 F.3d 1174,

1179–80 (9th Cir. 2007). Here, Plaintiff's complaint does not make any allegation that she engaged in protected activity. Thus, Plaintiff has not sufficiently pled a claim of retaliation against Defendant Allied Universal Protection.

**B. Title VII Discrimination**

To state a claim for discrimination under Title VII, a plaintiff must plead that (1) she is a member of a protected class, (2) she was performing according to her employer's legitimate expectations, (3) she suffered an adverse employment action, and (4) other employees qualifications similar to her own were treated more favorably. *Godwin v. Hunt Wesson, Inc*., 150 F. 3d 1217, 1220 (9th Cir. 1998), as amended (Aug. 11, 1998). Plaintiff has not made the requisite showing. While Plaintiff does allege that she was discriminated against and terminated because she is an African American woman, she fails to state any other facts to satisfy the remaining factors.

**C. ADEA**

To state a claim of discrimination under the ADEA, a plaintiff must plead that (1) she was at least forty years old, (2) she was performing her job satisfactorily, (3) she was discharged, and (4) either replaced by substantially younger employees with equal or inferior qualifications or discharged under circumstances otherwise giving rise to an inference of age discrimination. *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir.2008). Plaintiff fails to allege enough factual basis as to her age, job performance, and whether she was discharged under circumstances giving rise to an inference of age discrimination.

As discussed above, Plaintiff has failed to make an adequate showing of discrimination and retaliation under Title VII, or the ADEA. Therefore, the Court will dismiss Plaintiff's complaint against Defendant Allied Universal Protection with leave to amend to correct the noted deficiencies.

If Plaintiff elects to proceed in this action by filing an amended complaint, she is informed that the court cannot refer to a prior pleading in order to make her amended complaint complete. Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint

4

1 supersedes the original complaint. *See Valdez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011); see *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Plaintiff is advised that litigation will not commence upon the filing of an amended complaint. Rather, the Court will conduct an additional screening of the amended complaint pursuant to 28 U.S.C. § 1915(e). If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the Court will recommend that the complaint be dismissed with prejudice. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *in Forma Pauperis* is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of four hundred dollars ($400.00).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that Plaintiff's claims of retaliation, discrimination and harassment be dismissed without prejudice with leave to amend. Plaintiff shall have until **July 26, 2019** to file an amended complaint correcting the noted deficiencies.

. . .
. . .
. . .
. . .
. . .
. . .
. . .
. . .
. . .

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Dated this 26th day of June, 2019.

_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE