UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LEONA PRICE, | Case No. 2:19-cv-00895-GMN-EJY |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| ALLIED UNIVERSAL PROTECTION, | Re: Second Amended Complaint |
| Defendant. | ECF No. 14 |

Before the Court are documents filed by Plaintiff Leana Price at ECF Nos. 11, 12, and 14. These virtually identical documents were filed on January 3 and 17, and February 3, 2020, respectively. All three documents are titled "Order," and each is less than one full page long. Previously, the Court granted Plaintiff's application to proceed *in forma pauperis*, but dismissed Plaintiff's original Complaint without prejudice providing Plaintiff through July 26, 2019 to file an amended complaint. ECF No. 6. On December 30, 2019, the Court entered a second order providing Plaintiff, based on her pro se status, "until January 8, 2020, to file an amended complaint curing the deficiencies identified in the Court's prior Order, (ECF No. 6)." ECF No. 10. The December 2019 Order further stated that "[f]ailure to timely comply with that deadline will result in dismissal of Plaintiff's claims with prejudice." *Id*.

Plaintiff filed her first document of three documents on January 3, 2020 thereby meeting the time limit required by the Court's December 30, 2019, Order. ECF No. 11. However, this document, even together with ECF Nos. 12 and 14, fail to identify a cause of action upon which relief may be granted.

**I.    The Screening Process**

As previously stated by the Court, a complaint is properly dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may also be dismissed as frivolous if it is premised on

1

a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). When a court dismisses a complaint under the statutes pertaining to pro se plaintiff (28 U.S.C. § 1915), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

The Court liberally construes a complaint filed by a pro se litigant. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 2007). However, a liberal construction may not be used to supply an essential element of the claim absent from the complaint. *Bruns v. Nat'l Credit Union Admin.*, 12 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The Court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id*. at 1949. Where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly*, 550 U.S. at 570.

**II.     Plaintiff's Instant Filings**

A review of ECF Nos. 11-14 suggests Plaintiff is alleging that she did not receive a copy of her employment file as is required under Nevada law. *See* NRS 613.075. Plaintiff further states that the Nevada Labor Commissioner attempted to assist her with obtaining her employment file, but was unsuccessful. ECF Nos. 11-14. Plaintiff states that she "lost every thing because of jealous

deliberate violation reasonable standards carelessness ordinary negligence in isolated instances and good faith errors in judgment [sic]." *Id.*

Plaintiff's allegations, no matter how liberally construed, do not provide a short plain statement of a claim that would put a defendant on reasonable notice of what Plaintiff seeks. Even assuming there is a private right of action to enforce NRS 613.075, something that is not at all clear under Nevada law, Plaintiff does not state that if this is, in fact, the claim she is asserting. With a liberal eye toward a review of Plaintiff's filings, the Court is unable to discern a cause of action that would survive a Rule 12(b)(6) motion.

### III.     Recommendation

For the foregoing reasons, the Court recommends that Plaintiff's documents ECF Nos. 11, 12, and 14 be dismissed with prejudice as they fail to state any cognizable claim and, as such, the Court cannot envision any amendment that would provide an essential element of the claim absent from these filings.

Dated this 16th day of September, 2020.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).